MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrick Littlejohn, ) | No. CV 07-137-PHX-DGC (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Sheriff Joseph Arpaio, ) | |
| Defendant. ) | |

On January 19, 2007, Plaintiff Darrick Littlejohn, who was confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*.

**I.    Returned Mail**

On January 19, 2007, the Court filed a Notice of Assignment, which assigned this action to the undersigned Judge. On January 22, 2007, a copy of the Notice of Assignment was mailed by the Clerk of Court to Plaintiff at his last known address at the Durango Jail.

On January 31, 2007, the Notice of Assignment was returned to the Court as undeliverable because Plaintiff had been released. Plaintiff has failed to file a Notice of Change of Address or notify the Court in any way of his whereabouts. Accordingly, the Clerk of the Court has been unable to remail the copy of the Notice to Plaintiff.[1]

---

[1] The website of the Arizona Department of Corrections (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

1   Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant
2   comply with the instructions attached to the court-approved Complaint form.  Those
3   instructions state: "You must immediately notify the clerk . . . in writing of any change in
4   your mailing address.  Failure to notify the court of any change in your mailing address may
5   result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil
6   Rights Complaint in the United States District Court for the District of Arizona at 2(H)).

## II.     Failure to Prosecute

Plaintiff has the general duty to prosecute this case.  See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Company, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or a hearing.  Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v.

1 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the first, second, and third factors favor
2 dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents
3 the case from proceeding in the foreseeable future. The fourth factor, as always, weighs
4 against dismissal. The fifth factor requires the Court to consider whether a less drastic
5 alternative is available. Without Plaintiff's current address, however, certain alternatives are
6 bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal was not
7 warranted or an order imposing sanctions would only find itself taking a round trip tour
8 through the United States mail." 856 F.2d at 1441.

9 The Court finds that only one less drastic sanction is realistically available. Rule
10 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
11 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
12 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
13 and this action therefore will be dismissed without prejudice pursuant to Rule 41(b) of the
14 Federal Rules of Civil Procedure.

15 **IT IS ORDERED** that the Complaint (Doc. #1) and this action are **dismissed without**
16 **prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to
17 prosecute, and the Clerk of the Court **must enter judgment accordingly**.

18 DATED this 19th day of March, 2007.

_____
David G. Campbell
United States District Judge

- 3 -